FILED 09 MAY 14 12:44 USDC-LAE

| | | |
|---|---|---|
| AZALEA CAPITAL LEASING, LLC | * | UNITED STATES DISTRICT COURT |
| VERSUS | * | EASTERN DISTRICT OF LOUISIANA |
| KAPCO DIVERSIFIED, L.L.C. AND ROBERT FOSTER | * | DOCKET NO: 09-3544 |
| | * | JUDGE: SECT. R MAG 1 |
| | * | MAGISTRATE: |
| FILED: _____ | | _____ |
| | | DEPUTY CLERK |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Azalea Capital Leasing, LLC (hereinafter "Plaintiff"), an Alabama limited liability company with its principal place of business in Mobile, Alabama, who hereby asserts the following:

1.

Made defendants herein are:

a. KAPCO Diversified, L.L.C., a Louisiana limited liability company, domiciled and having its principal place of business in St. Tammany Parish, Louisiana ("KAPCO"); and

b. Robert Foster an individual domiciled in St. Tammany Parish, Louisiana (individually, "Foster").

2.

The amount in controversy in this matter is over $75,000.00.

_ Fee _____
_ Process _____
X Dktd
_ CtRmDep
_ Doc. No _____

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §1332, diversity of citizenship jurisdiction, as the Plaintiff and Defendants are domiciled in different states and the amount in controversy is over $75,000.00

4.

The Eastern District of Louisiana is the proper venue for this matter, as the Defendants are domiciled in St. Tammany Parish, Louisiana, within the venue of this Court.

5.

On March 27, 2008, Plaintiff, as lessor, and KAPCO, as lessee, executed an Equipment Lease, bearing Lease No. 32708 ("KAPCO No. 1"), to lease several items of movable heavy equipment, including the following: (a) Takcuchi Excavator TB175C, bearing Serial Number 17513434; (b) Takcuchi Excavator TB53FR, bearing Serial Number 15811120; and (c) Kobelco SK135SR Excavator, bearing Serial Number YH0201924 (collectively, the "KAPCO No. 1 Equipment"). A copy of KAPCO No. 1 is attached hereto as Exhibit "A."

6.

KAPCO No. 1 was a financed lease, bearing a total price of $102,331.67, payable in monthly installments of $4,960.11 for twenty-four (24) consecutive months, beginning on April 15, 2008, with an advanced payment of $5,116.58, and a documentation fee of $350.00.

7.

On March 28, 2008, Foster signed a personal Guaranty securing all amounts due on KAPCO No. 1, making Foster, jointly, severally, and solidarily liable with KAPCO for any and all amounts due under KAPCO No.1. See Exhibit "A."

8.

Plaintiff also has a security interest in the KAPCO No. 1 Equipment, evidenced by the KAPCO No. 1, which qualifies as a Security Agreement pursuant to La. R.S. 10:9-201(35) and Ala. Code 1975 §7:201, perfected by the UCC-1 Financing Statement recorded with the St. Tammany Parish Clerk of Court, bearing Instrument number 52-48797.

9.

Defendants failed to pay the monthly installment payments on KAPCO No. 1 due on December 15, 2008, as well as each successive month thereafter. An Affidavit of Correctness by Milton E. Chandler, Jr. with the invoices sent by Plaintiff to KAPCO on KAPCO No. 1 for the months of December of 2008 and January through April of 2009 are attached as Exhibit "B," *in globo*.

10.

As a result of Defendants' failure to pay, interest, attorney's fees, late fees, and costs have accrued on KAPCO No. 1.

11.

On March 20, 2009, Plaintiff sent notice of default to Defendants by certified mail, return receipt requested, facsimile, and email with a demand for payment of all past due amounts due under KAPCO No. 1, which notice was received by Defendants by certified mail on March 21, 2009, a copy of which is attached hereto as Exhibit "C."

12.

Defendants have failed to cure the default on KAPCO No.1.

13.

Plaintiff has accelerated all amounts due under KAPCO No. 1.

14.

Accordingly, Defendants now owe Plaintiff damages under the terms of KAPCO No. 1. Damages include past due rents of $24,800.55 as of May 6, 2009, late fees totaling $2,480.05 as of May 6, 2009, interest totaling $2,312.39 as of May 6, 2009, all future rents totaling $54,561.27, any future interest, late fees, attorney's fees, costs of the proceeding, and any other costs or amounts due under KAPCO No. 1 and as will otherwise be proven at a trial on this matter.

15.

On April 21, 2008, Plaintiff, as lessor, and KAPCO, as lessee, executed an Equipment Lease, bearing Lease No. 42108 ("KAPCO No. 2"), to lease several items of movable heavy equipment, including the following: (a) 2006 Case Dozer Model 650 k LGP, bearing Serial Number CAL012066; (b) 2007 Case 580M Loader, bearing Serial Number N4C382809; and (c) 2005 Takcuchi TL150 Skid Steer Loader, bearing Serial Number 21502439 (collectively, the "KAPCO No. 2 Equipment"). A copy of KAPCO No. 2 is attached hereto as Exhibit "D."

16.

KAPCO No. 2 was a financed lease, bearing a total price of $141,143.12, payable in monthly installments of $6,935.54 for twenty-four (24) consecutive months, beginning on June 15, 2008, with an advanced payment of $14,114.31, and a documentation fee of $350.00.

17.

On April 21, 2008, Foster signed a personal Guaranty securing all amounts due on KAPCO No. 2, making Foster jointly, severally, and solidarily liable with KAPCO for any and all amounts due under KAPCO No.2.  See Exhibit "D."

18.

Plaintiff also has a security interest in the KAPCO No. 2 Equipment, evidenced by the KAPCO No. 2, which qualifies as a Security Agreement pursuant to La. R.S. 10:9-201(35) and Ala. Code 1975 §7:201, perfected by the UCC-1 Financing Statement recorded with the St. Tammany Parish Clerk of Court, bearing Instrument number 52-48797.

19.

Defendants failed to pay the monthly installment payments on KAPCO No. 2 due on December 15, 2008, as well as each successive month thereafter. An Affidavit of Correctness by Milton E. Chandler, Jr. with the invoices sent by Plaintiff to KAPCO on KAPCO No. 2 for the months of December of 2008 and January through April of 2009 are attached as Exhibit "B," *in globo*.

20.

As a result of Defendants' failure to pay, interest, attorney's fees, late fees, and costs have accrued on KAPCO No. 2.

21.

On March 20, 2009, Plaintiff sent notice of default to Defendants by certified mail, return receipt requested, facsimile, and email with a final demand for payment of all past due amounts due under KAPCO No. 2, which notice was received by Defendants by certified mail on March 21, 2009, a copy of which is attached hereto as Exhibit "C."

22.

Defendants have failed to cure the default on KAPCO No.2.

23.

Plaintiff has accelerated all amounts due under KAPCO No. 2.

24.

Accordingly, Defendants now owe Plaintiff damages under the terms of KAPCO No. 2. Damages include past due rents of $34,677.70 as of May 6, 2009, accrued interest of $1,439.30 as of May 6, 2009, late fees of $3,467.75 as of May 6, 2009, all future rents totaling $90,162.02, any future interest, late fees, attorney's fees, costs of the proceeding, and any other costs or amounts due under KAPCO No. 2 and as will otherwise be proven at a trial on this matter.

25.

On August 18, 2008, Plaintiff, as lessor, and KAPCO, as lessee, executed an Equipment Lease, bearing Lease No. 81808 ("KAPCO No. 3"), to lease an item of movable heavy equipment referred to as 2007 224D Boring Machine with 2 cycle Diesel Duetz (the "KAPCO No. 3 Equipment"). A copy of KAPCO No. 3 is attached hereto as Exhibit "E."

26.

KAPCO No. 3 was a financed lease, bearing a total price of $29,000.00, payable in monthly installments of $1,269.36 for twenty-four (24) consecutive months, beginning on September 15, 2008, with an advanced payment of $4,350.00, and a documentation fee of $350.00.

27.

On August 18, 2008, Foster signed a personal Guaranty securing all amounts due on KAPCO No. 3, making Foster jointly, severally, and solidarily liable with KAPCO for any and all amounts due under KAPCO No. 3. See Exhibit "E."

28.

Plaintiff also has a security interest in the KAPCO No. 3 Equipment, evidenced by the KAPCO No. 3, which qualifies as a Security Agreement pursuant to La. R.S. 10:9-201(35) and Ala. Code 1975 §7:201, perfected by the UCC-1 Financing Statement recorded with the St. Tammany Parish Clerk of Court, bearing Instrument number 52-48797.

29.

Defendants failed to timely pay the monthly installment payments due on KAPCO No. 3 due in December for 2008 and January through March of 2009. Late payments were received for each of those months. However, Defendants have not yet paid the interest accrued for the late payments of the January through March 2009 installments, as well as the interest and late fees accrued for March of 2009. Defendants have also failed to pay the monthly installment payment due on KAPCO No. 3 due in April of 2009.

30.

As a result of Defendants' failure to pay, interest, attorney's fees, late fees, and costs have accrued on KAPCO No. 3.

31.

On March 20, 2009, Plaintiff sent notice of default to Defendants by certified mail, return receipt requested, facsimile, and email with a final demand for payment of all past due amounts due under KAPCO No. 3, which notice was received by Defendants by certified mail on March 21, 2009, a copy of which is attached hereto as Exhibit "D."

32.

Defendants have failed to cure the default on KAPCO No. 3.

33.

Plaintiff has accelerated all amounts due under KAPCO No. 3.

34.

Accordingly, Defendants now owe Plaintiff damages under the terms of KAPCO No. 3. Damages include past due payments of $1,269.36, accrued interest of $465.34 as of May 6, 2009, accrued late fees of $253.88 as of May 6, 2009, the all future rents totaling $20,309.76, any future interest, late fees, attorney's fees and costs of the proceeding, and any other costs or amounts due under KAPCO No. 3 and as will otherwise be proven at a trial on this matter.

35.

Pursuant to the terms of the Leases, upon Notice of Cancellation Plaintiff can demand that Defendants return possession of the equipment leased under KAPCO No. 1, KAPCO No. 2, and KAPCO No. 3. Defendants agreed to return the equipment to Plaintiff, and Plaintiff plans to take possession of the equipment.

**WHEREFORE,** Plaintiff prays that after due proceedings be had, that judgment be entered its favor and against KAPCO Diversified, L.L.C. and Robert Foster finding that Defendants breached the Equipment Leases dated March 27, 2008, April 21, 2008, and August 18, 2008 and their corresponding Guarantees and are liable to Azalea Capital Leasing, LLC in the following amounts:

1. Under KAPCO No. 1, past due rents, plus accrued interest, late fees, and attorney's fees and costs, as well as all future rents, any future interest, late fees, attorney's fees and costs of the proceeding, and any other costs or amounts due under KAPCO No. 1 or at law and as will otherwise be proven at a trial on this matter, subject to a credit for any future payments made by Defendants or a credit

for the value or amount received upon re-lease or sale of the KAPCO No. 1 Equipment.;

2. Under KAPCO No. 2, past due rents, plus accrued interest, late fees, and attorney's fees and costs, as well as all future rents, any future interest, late fees, attorney's fees and costs of the proceeding, and any other costs or amounts due under KAPCO No. 2 or at law and as will otherwise be proven at a trial on this matter; and

3. Under KAPCO No. 3, past due rents, plus accrued interest, late fees, and attorney's fees and costs, as well as all future rents, any future interest, late fees, attorney's fees and costs of the proceeding, and any other costs or amounts due under KAPCO No. 3 or at law and as will otherwise be proven at a trial on this matter.

Plaintiff prays for any and all other further legal and equitable relief as the Court deems necessary and proper.

Respectfully submitted,

DAIGLE FISSE & KESSENICH PLC
By: /s/ John M. Dubreuil
John M. Dubreuil (#20792)
Alison C. Bondurant (#29766)
227 Highway 21, Madisonville, LA 70447
P. O. Box 5350, Covington, LA 70434
Telephone: (985) 871-0800
Facsimile: (985) 871-0899
jdubreuil@daiglefisse.com
abondurant@daiglefisse.com
*Attorneys for Azalea Capital Leasing, LLC*

| | | |
|---|---|---|
| AZALEA CAPITAL LEASING, LLC | * | UNITED STATES DISTRICT COURT |
| VERSUS | * | EASTERN DISTRICT OF LOUISIANA |
| KAPCO DIVERSIFIED, L.L.C. AND ROBERT FOSTER | * | DOCKET NO: |
| | * | JUDGE: |
| | * | MAGISTRATE: |

FILED: _____      _____
                                    DEPUTY CLERK

## VERIFICATION

STATE OF ALABAMA

COUNTY OF  Mobile

BEFORE ME, the undersigned authority, personally came and appeared:

**MILTON E. CHANDLER, JR.**

Member of Azalea Capital Leasing, LLC, who, after being sworn did depose and say that he has read the Complaint and that of the allegations of fact contained therein are true and correct.

_____
MILTON E. CHANDLER, JR., Member
Azalea Capital Leasing, LLC

SWORN AND SUBSCRIBED TO
BEFORE ME THIS 11th DATE OF
May, 2009.

_____
NOTARY PUBLIC

**DEANGELA HOLLAND**
Notary Public - State of Alabama
My Commission Expires Nov. 22, 2009

970-27\Pleadings\Complaint